People v Fudge (2022 NY Slip Op 00560)





People v Fudge


2022 NY Slip Op 00560


Decided on January 28, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, WINSLOW, AND BANNISTER, JJ.


229/21 KA 18-02388

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTHONY FUDGE, DEFENDANT-APPELLANT.


FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN N. MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JESSICA N. CARBONE OF COUNSEL), FOR RESPONDENT.



A motion having been made on behalf of Kristen N. McDermott, Esq., attorney for defendant-appellant, for leave to file a late motion for reargument and/or reconsideration of this Court's Opinion and Order entered on August 26, 2021,
Now, upon reading and filing the affidavit of Paul G. Ferrara, sworn to November 30, 2021, affidavit of Kristen N. McDermott, sworn to November 15, 2021, affidavit of Robert S. Dean, sworn to November 16, 2021, affidavit of Michael J. Hutter, sworn to November 16, 2021, affidavit of Todd A. Berger, sworn to November 16, 2021, affirmation of Andrew S. Greenberg, dated November 12, 2021, the exhibits annexed thereto, the notice of said motion with proof of service thereof, affirmation in opposition of Jessica N. Carbone, dated December 7, 2021, reply affidavit of Paul G. Ferrara, sworn to December 16, 2021, and due deliberation having been had thereon,
It is hereby ORDERED that said motion be and the same hereby is dismissed on the ground that Kristen N. McDermott lacks standing to move for reargument or reconsideration of this appeal (see CPL 470.50[1]; Marine Midland Bank-Central v Gleason, 47 NY2d 1009, 1009 [1979]; Judd v Odell, 254 AD2d 841, 841 [4th Dept 1998]).
Now, on the Court's own motion,
It is hereby ORDERED that the opinion and order entered August 26, 2021 (199 AD3d 16 [4th Dept 2021]) is vacated and the following memorandum and order is substituted therefor:
Appeal from a judgment of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), rendered August 10, 2018. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fourth degree.
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]). Supreme Court properly refused to suppress physical evidence discovered during a vehicle search. Contrary to defendant's contention, a trained police officer's detection of the scent of street-level PCP constitutes probable cause to search the location from which the scent emanates (see Sanchez v City of New York, 168 AD3d 584, 585 [1st Dept 2019]; People v Darby, 263 AD2d 112, 113-114 [1st Dept 2000], lv denied 95 NY2d 795 [2000]; see also United States v Glover, 681 F3d 411, 418 [DC Cir 2012], cert denied 568 US 995 [2012]; United States v Hubert, 48 Fed Appx 481, 481 [5th Cir 2002], cert denied 537 US 1146 [2003]; Minnick v United States, 607 A2d 519, 525 [DC 1992]). Contrary to defendant's further contention, there is no basis to disturb the suppression court's credibility determination (see People v Carmona, 149 AD3d 670, 671 [1st Dept 2017], lv denied 29 NY3d 1090 [2017]; see also Darby, 263 AD2d at 113-114; see generally People v Prochilo, 41 NY2d 759, 761 [1977]). The sentence is not unduly harsh or severe.
Entered: January 28, 2022Ann Dillon Flynn
Clerk of the Court